Donald L. Myles, Jr., Bar #007464
Josh M. Snell, Bar #021602
Clarice A. Spicker, Bar #029964
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012
Telephone: (602) 263-1743; Fax: (602) 200-7842
dmyles@jshfirm.com
jsnell@jshfirm.com
cspicker@jshfirm.com
minuteentries@jshfirm.com

Attorneys for Defendants Forrest B. McCurry and Try-Us Transportation

# IN THE UNITED STATE DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| JASON TIMMIE WISE, | NO. 2:15-cv-01314 JZB |
| Plaintiff, | |
| v. | **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT and DEMAND FOR JURY TRIAL** |
| FORREST B. McCURRY and JANE DOE McCURRY, individually and as husband and wife; TRY-US TRANSPORTATION, INC., a California Corporation; JOHN DOE I-V and JANE DOE I-V; BLACK CORPORATIONS I-X; and WHITE LIMITED PARTNERSHIPS I-X, | |
| Defendants. | |

Defendants Forrest B. McCurry and Try-Us Transportation, Inc. hereinafter "Defendants," by and through undersigned counsel, in response to Plaintiff's Complaint, hereby admit, deny and allege as follows:

## JURISDICTIONAL ALLEGATIONS

1.   Defendants admit each and every allegation in paragraph 1 of Plaintiff's Complaint.

4379485.1

1  2. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted in paragraph 2 of Plaintiff's Complaint, and therefore, take no position pending further investigation and discovery.

**PARTIES**

3. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted in paragraph 3 of Plaintiff's Complaint, and therefore, take no position pending further investigation and discovery.

4. Defendants deny that Defendant McCurry was married at the time of the accident.

5. Defendants admit each and every allegation in paragraph 5 of Plaintiff's Complaint.

6. Paragraph 6 of Plaintiff's Complaint does not pertain to Defendants and is therefore not responded to. To the extent that any of these allegations could be construed to be against Defendants, they are denied.

7. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted in paragraph 7 of Plaintiff's Complaint, and therefore, take no position pending further investigation and discovery.

8. Defendants admit the allegations in paragraph 8 of Plaintiff's Complaint, in so far that the acts alleged occurred in Maricopa County, Arizona.

9. Defendants admit each and every allegation in paragraph 9 of Plaintiff's Complaint.

**GENERAL ALLEGATIONS**

10. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted in paragraph 10 of Plaintiff's Complaint, and therefore, take no position pending further investigation and discovery.

11. Defendants admit each and every allegation in paragraph 11 of Plaintiff's Complaint.

1  12. Defendants admit each and every allegation in paragraph 12 of
2  Plaintiff's Complaint.
3  13. Defendants are without sufficient knowledge or information to form a
4  belief as to the truth of the allegations asserted in paragraph 13 of Plaintiff's Complaint,
5  and therefore, denies the same pending further investigation and discovery.
6  14. Defendants deny that Defendant McCurry failed to control the speed
7  of his vehicle. Defendants are without sufficient knowledge or information to form a
8  belief as to the truth of the remaining allegations asserted in paragraph 14 of Plaintiff's
9  Complaint, and therefore, take no position pending further investigation and discovery.
10 15. Defendants deny each and every allegation in paragraph 15 of
11 Plaintiff's Complaint.
12 16. Defendants are without sufficient knowledge or information to form a
13 belief as to the truth of the allegations asserted in paragraph 16 of Plaintiff's Complaint,
14 and therefore, take no position pending further investigation and discovery.

## COUNT ONE
**(Negligence as to Defendant Forrest B. McCurry and Jane Doe McCurry)**

18 17. The responses set forth by Defendants in paragraphs 1 through 16 are
19 hereby incorporated by reference as if fully set forth herein.
20 18. Defendants admit each and every allegation in paragraph 18 of
21 Plaintiff's Complaint.
22 19. Defendants deny each and every allegation in paragraph 19 of
23 Plaintiff's Complaint.
24 20. Defendants deny each and every allegation in paragraph 20 of
25 Plaintiff's Complaint.
26 21. Defendants deny that Defendant McCurry was negligent or that he
27 committed unlawful and/or reckless acts. Defendants are without sufficient knowledge or
28 information to form a belief as to the truth of the remaining allegations asserted in

paragraph 21 of Plaintiff's Complaint, and therefore, take no position pending further investigation and discovery.

## COUNT TWO
**(Negligence/Respondeat Superior as to Defendant Try-Us Transportation, Inc.)**

22. The responses set forth by Defendants in paragraphs 1 through 22 are hereby incorporated by reference as if fully set forth herein.

23. In answering paragraph 23 of Plaintiff's Complaint, Defendants admit that Defendant McCurry was an employee of Defendant Try-Us at the time of the accident and was acting in the course and scope of his employment.

24. In answering paragraph 24 of Plaintiff's Complaint, Defendants deny that Defendant Try-Us is responsible for all actions of Defendant McCurry; however, Defendants do admit that Defendant McCurry was acting in the course and scope of his employment at the time of the accident.

25. Defendants deny that Defendant McCurry was negligent or that he committed unlawful and/or reckless acts.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations asserted in paragraph 25 of Plaintiff's Complaint, and therefore, take no position pending further investigation and discovery.

## COUNT THREE
**(Negligent Hiring as to Defendant Try-Us Transportation, Inc.)**

26. The responses set forth by Defendants in paragraphs 1 through 25 are hereby incorporated by reference as if fully set forth herein.

27. Defendants admit each and every allegation in paragraph 27 of Plaintiff's Complaint.

28. Defendants deny each and every allegation in paragraph 28 of Plaintiff's Complaint.

29. Defendants deny that they were negligent. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations asserted in paragraph 29 of Plaintiff's Complaint, and therefore, take no position pending further investigation and discovery.

30. Defendants deny that Defendant Try-Us was negligent. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations asserted in paragraph 30 of Plaintiff's Complaint, and therefore, take no position pending further investigation and discovery.

## COUNT FOUR
### (Negligent Entrustment as to Defendant Try-Us Transportation, Inc.)

31. In response to paragraph 31 (erroneously numbered as paragraph 29) of Plaintiff's Complaint, the responses set forth by Defendants in paragraphs 1 through 30 are hereby incorporated by reference as if fully set forth herein.

32. Defendants admit each and every allegation in paragraph 32 (erroneously numbered as paragraph 30) of Plaintiff's Complaint.

33. Defendants deny each and every allegation in paragraph 33 (erroneously numbered as paragraph 31) of Plaintiff's Complaint.

34. Defendants deny each and every allegation in paragraph 34 (erroneously numbered as paragraph 32) of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff is comparatively at fault, which serves to eliminate or reduce damages, if any, owed by Defendants.

2. Plaintiff has failed to mitigate their damages, thus barring or reducing the recovery against Defendants.

3. Plaintiff was contributorily negligent and/or any damages received by Plaintiff was the result of an intervening/superseding cause or occurred as a result of the

4379485.1                                              5

negligence of someone other than Defendants, all of which bars recovery to Plaintiff herein from Defendants.

4.  Plaintiff was negligent, in whole or in part, thereby reducing or eliminating any damages owing by Defendants by way of comparative negligence.

5.  If, indeed, Defendants are determined to be liable for the allegations contained in the Complaint, then Defendants are entitled to contribution from other defendants, named and unnamed, by way of the doctrine of contribution.

6.  A party not named as a defendant in this suit, may be at fault for Plaintiff's accident, and should this matter go to trial, fault will be apportioned to this unnamed defendant.

7.  Although Defendants do not presently have specific facts in support of the remaining defenses, it wishes to put counsel for Plaintiff upon notice that they raise the following defenses which, through subsequent discovery may, indeed, be supported by the facts: lack of jurisdiction over the subject matter, lack of jurisdiction over the person, accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, set-off, failure to join an indispensable party, failure of consideration, fraud, illegality, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, insufficiency of process and insufficiency of service of process, and waiver.

WHEREFORE, having fully answered the allegations of Plaintiff's Complaint, Defendants pray that same be dismissed with prejudice, that Plaintiff take nothing thereby, that Defendants be awarded their costs and such other and further relief as to this Court deems appropriate.

DATED this 21st day of July, 2015.

JONES, SKELTON & HOCHULI, P.L.C.

By  */s/ Clarice A. Spicker*
Donald L. Myles, Jr.
Josh M. Snell
Clarice A. Spicker
2901 North Central Avenue, Suite 800
Phoenix, Arizona  85012
Attorneys for Defendants Forrest McCurry and Try-Us Transportation

## **CERTIFICATE OF SERVICE**

I hereby certify that on this  21st day of July, 2015, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

Michael Fairbairn Cordova
Mark T. Ichiyama
Michael Cordova, PC
1700 North 7th Street
Phoenix, AZ   85006
Attorneys for Plaintiff


*/s/ Becky Finnell*

4379485.1

7